**UNITED STATES DISTRICT COURT**
**FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARRE SUTTON,<br><br>Plaintiff,<br>v.<br><br>GERALD MARIE, aka GERALD MARIE CASTELLAC, an Individual and TRUDI TAPSCOTT, an Individual.<br><br>Defendants. | Case No.: 1:21-cv-06787 – MKV |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR ALTERNATE SERVICE**

Plaintiff, Carre Sutton, by and through undersigned counsel, submits this Memorandum of Law in support of her Motion for Alternate Service, seeking leave of the Court to serve Defendant, Gerald Marie Castellac ("Defendant" or "Defendant Marie") through alternative service. Plaintiff has attempted, without success, to effect service upon Defendant in Spain through the Hague Service Convention (the "Convention") for years, leaving no other option for Plaintiff than an Order from this Court authorizing alternate service. Plaintiff has conferred with Defendant Tapscott who does not oppose this motion.

## I. INTRODUCTION AND FACTS

Upon information and belief, Defendant Marie is a citizen of the nation of Spain and resides on its island of Ibiza. Pursuant to Fed. R. Civ. P. 4(f)(1), Plaintiff has been attempting to affect service upon Defendant Marie according to the Hague Service Convention's (the "Convention") procedures as both the United States and Spain are members of the Convention.

In August of 2021, shortly after the filing of this action, Plaintiff contacted "Civil Action Group" ("CAG") – a leading company in international service of process. CAG was retained by

Plaintiff and the company began the lengthy process of conducting service in Spain, the country of residence for Defendant Marie, through the Convention's formal channels. This process involves translating the complaint and summons into Spanish and then submitting them to the Spanish Central Authority, which oversees international process in Spain. Once the documents are submitted, there is little information provided by the Central Authority until actual service is had.

On September 13, 2021, counsel for Plaintiff emailed counsel for Defendant, Celine Bekerman, at c.bekerman@oplus.law, to see if Ms. Bekerman would accept service on behalf of Defendant Marie. On October 20, 2021, Ms. Bekerman responded to counsel for Plaintiff's email refusing to accept service on behalf of Defendant Marie. Declaration of John Clune, attached hereto as Exhibit A, at ¶ 4. Ms. Bekerman was quoted on behalf of Marie as recently as 2023 in media outlets regarding these allegations:

> In a statement sent to Insider, Marie's lawyer, Céline Bekerman, denied the allegations. "Gérald Marie firmly objects to the defamatory and false allegations made against him. He refuses to participate in this dishonest media controversy," Bekerman said.[1]

Ten months later, Plaintiff received an update from the Central Authority, which indicated that service was attempted and that Defendant Marie was contacted by the process server. However, the process server did not effectuate service, since the process server noted a clerical error in the spelling of Defendant Marie's name. After correcting the error, the Central Authority requested that Marie come to the courthouse to receive the documents. Defendant Marie did not do as requested, and the Central Authority returned the service request without being able to serve Defendant Marie. Shortly thereafter, the matter was dismissed on motion.

---

[1] Amanda Goh, *Linda Evangelista Opens Up About Her 'Abusive' Marriage to Gérald Marie: 'He Knew Not to Touch My Face'*, Business Insider (Sept. 21, 2023, 02:06 MT), https://www.businessinsider.com/linda-evangelista-marriage-gerald-marie-elite-models-management-apple-documentary-2023-9.

Following Plaintiff's successful appeal, Plaintiff restarted the service process, this time with the First Amended Complaint. [Dkt 24]. Plaintiff reengaged CAG in December of 2024. On July 11, 2025, CAG updated Plaintiff via email indicating that the documents are being processed by local judicial authorities. Though Plaintiff is hopeful that service will be had soon, Plaintiff cannot gather any further information regarding the timeline for that service.

## II. ARGUMENT

Service under the Hague Convention is *not* mandatory. *See Group One Ltd. v. GTE GmbH*, 523 F.Supp.3d 323, 340 (E.D.N.Y. 2021). "Rule 4(f) authorizes services upon individuals in foreign countries:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the [Hague Convention];
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice…; or
> (3) by other means not prohibited by international agreement, as the court orders."
>
> *Id.* (citing to F.R.C.P. 4(f) and *Mattel, Inc. v. Animefun Store*, No. 18-CV-8824, 2020 WL 2097624, at *5 (S.D.N.Y. May 1, 2020)).

The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court. *In GLG Life Tech Corp. Securities Litigation*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012). "[T]here is no hierarchy among the subsections in Rule 4(f)." *Id.* Further, "a plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the [c]ourt may order service pursuant to Rule 4(f)(3)." *Group One Ltd.*, 523 F.Supp.3d at 340; *see also ATMO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-cv-9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015). Accordingly, "court-directed service under Rule 4(f)(3) is as favored as service under Rule 4(f)(1)," since it is "merely one means among several which enables service of process on an international defendant." *Id.* (citing to *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

A. **Plaintiff has reasonably attempted to effectuate service on Defendant Marie, and the circumstances are such that the Court's intervention is necessary.**

Before authorizing service under Rule 4(f)(3), some district courts, including the Southern District of New York, have required: "(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *GLG Life Tech. Corp.*, 287 F.R.D. at 265-66. “There is no strict requirement that a plaintiff pursue service through an international agreement before asking a court’s assistance in ordering alternative service[.]” *Peifa Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2020 WL 1508748, at *14 (S.D.N.Y. Mar. 30, 2020). However, “in cases involving service on a person residing in a country that is a signatory to the Hague Convention, courts in the SDNY have often imposed a requirement that litigants first attempt service by means of the Hague Convention before seeking court-ordered alternative service under section 4(f)(3)." *GLG Life Tech. Corp.* 287 F.R.D. at 266. "This Court concurs that there will undoubtedly be many instances where significant efforts to make service under the Hague Convention should be required by a court before alternative service is ordered. But nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Convention before granting an order permitting alternative service under Rule 4(f)(3). *Id.*

1. **Plaintiff has reasonably attempted to effectuate service on Defendant Marie.**

“Under the Hague Convention, service through a country’s Central Authority is the primary method of service.” *Group One Ltd.*, 523 3d. at 342. The process of service through a country’s Central Authority has been explained by the Second Circuit as follows:

> Under this method, process is first sent to the Central Authority of the foreign jurisdiction in which process is to be served…The Central Authority must then arrange to have process served on the defendants. Upon completion of service the Central Authority must complete a Certificate detailing how, where, and when

> service was made, or explaining why service did not occur. Finally, the completed Certificate is returned to the applicant.
>
> *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005).

Since August of 2021, Plaintiff and her counsel have been attempting to effectuate service on Defendant Marie through the Convention's primary method of service, i.e., through Spain's Central Authority service, to no avail yet. Accordingly, Plaintiff has made reasonable and good faith efforts to effectuate service upon Defendant Marie through Spain's Central Authority, pursuant to the Hague Service Convention.

**2. The circumstances are such that the Court's intervention is necessary.**

A plaintiff sufficiently demonstrates that a court's intervention is necessary to effect service where the plaintiff "has attempted to serve a defendant pursuant to the Hague Convention, but a country's central authority has been unable or unwilling to effect service[.]" *Khan Funds Mgmt. Am., Inc. v. Nations Techs. Inc.*, No. 22 Civ. 5055 (ER), 2024 WL 3013759, at *5 (S.D.N.Y. June 13, 2024). This Court has frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3). *See*, *e.g.*, *W.J. Deutsch & Sons Ltd. v. Zamora*, No. 1:21-cv-11003-LTS, 2023 WL 5609205, at *8 (S.D.N.Y. Aug. 30, 2023) (granting the plaintiff's motion for alternative service "namely, service via mail, email [and] international courier," where the plaintiff "made a good faith effort to comply with the Hague Convention by making a timely request for service with Spain's Central Authority" but where "the Spanish Central Authority apparently never completed the service request"); *Equipav S.A. Pavimentacao, Engenharia e Comercia Ltda v. Bertin*, No. 22 Civ. 4594 (PGG), 2022 WL 2758417, at *5 (S.D.N.Y. July 14, 2022) (holding that "courts in this District have found that lengthy delays in service under the Hague Convention are sufficient to show that alternative service under Rule 4(f)(3) is warranted); *Aircraft Engine Lease Fin., Inc. v. Plus Ultra Lineas Aereas, S.A.*, 21 Civ.

1758, 2021 WL 6621578, at *1 (S.D.N.Y. Apr.23, 2021) ("…because service through the Hauge Convention would necessarily delay this case, the Court finds that intervention is necessary.").

As discussed above, Plaintiff has, in a timely fashion, made all reasonable efforts to effectuate service upon Defendant Marie, despite the significant delays by Spain's Central Authority. "Plaintiff should not be penalized for the failure of the Spanish Central Authority to act." *U.S. S.E.C. v. Shehyn*, No. 04 Civ. 2003 (LAP), 2008 WL 6150322, at *5 (S.D.N.Y. Nov. 26, 2008). Accordingly, the prolonged delay in service pursuant to the Convention and through Spain's Central Authority necessitates this Court's intervention.

**B. Service on Defendant through email, certified mail, or through a private process server is not prohibited by international law and comports with due process.**

Courts are "free to fashion means of service pursuant to Rule 4(f)(3), so long as those means are not prohibited by international agreement and 'comport with constitutional notions of due process.'" *Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.*, No. 17 Civ. 5553 (LGS), 2020 WL 7093592, at *4 (S.D.N.Y. Dec. 4, 2020). "This is true 'even if the method of service is in contravention of the laws of the foreign country.'" *Id.* (citing to *Hudson Furniture, Inc. v. Mizrahi*, No. 20 Civ. 4891, 2020 WL 5202118, at *3 (S.D.N.Y. Sept. 1, 2020); *see also Rio Props.*, 284 F.3d at 1014 (9th Cir. 2002).

Spain is a signatory to the Hague Service Convention. *Convergen Energy LLC v. Brooks*, No. 20-cv-3746, 2020 WL 4038353, at *5 (S.D.N.Y. July 17, 2020). Thus, to be permissible under Rule 4(f)(3), alternative service must not be prohibited by the Convention. *See Smart Study Co. v. Acuteye-US*, 620 F.Supp.3d 1382, 1389 (S.D.N.Y. 2022). The alternate method of service need not be authorized by or allowed under Spanish law, so long as the method of service is not prohibited by international agreement. *See Convergen*, 2020 WL 4038353, at *6; *see also Rio Props., Inc.*, 284 F.3d at 1014.

After determining that a method of service is not prohibited by international law, the court must still determine if the method of service comports with constitutional notions of due process. *See GLG Life Techs. Corp.*, 287 F.R.D. at 267 (citing to *Rio Props., Inc.*, 284 F.3d at 1016). Due process requires that the method of service "provide notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*

In many instances, courts have authorized service under Rule 4(f)(3) on an unserved party's counsel. *Id.* (citing to *Arista Records LLC v. Media Servs. LLC*, 2008 WL 563470, at *1-2 (S.D.N.Y. Feb. 25, 2008); *RSM Production Corp. v. Fridman*, 2007 WL 2295907, at *1–3 (S.D.N.Y.2007); and *Ehrenfeld v. Salim a Bin Mahfouz*, 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005)). "Of course, a party seeking leave to serve an individual by counsel must show adequate communication between the individual and the [individual's] attorney." *Id.*

Plaintiff seeks to serve Defendant Marie by any combination of: (1) service by emailing papers to Defendant Marie and to Defendant Marie's counsel, with whom counsel for Plaintiff has already had contact with; (2) service by delivering papers to Defendant Marie's residence in Ibiza via Federal Express and certified mail; and/or, (3) personal service upon Defendant Marie through a private process server.

**1. Service by emailing papers to Defendant Marie and his counsel is not prohibited by international agreement and comports with due process.**

Service of Spanish individual defendants via email is not prohibited under international agreement. *See Convergen Energy LLC*, 2020 WL 4038353, at *6; *see also Aircraft Engine Lease Fin., Inc.*, 2021 WL 6621578, at *2 ("This Court recently observed that it is not aware of any federal law that prohibits service through mail or e-mail…The Court is also unaware of any

international agreement to which Spain is a signatory that prohibits service by registered mail or email.").

"Service by email comports with due process where a plaintiff demonstrates that the 'email is likely to reach the defendant,' and when the movant 'supplies the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *W.J. Deutsch & Sons Ltd. v. Zamora*, No. 1:21-cv-11003-LTS, 2023 WL 5609205, at *8 (S.D.N.Y. Aug. 30, 2023) (citing to *Convergen*, 2020 WL 4038353, at *6-7) (internal brackets omitted). Counsel for Plaintiff has been in contact with counsel for Defendant Marie through email before. *See* Clune Decl., Exh. A-1.

Accordingly, service by emailing papers upon Defendant Marie's counsel is not prohibited international agreement and comports with constitutional notions of due process.

**2. Service by mailing papers through Federal Express and Certified Mail to Defendant Marie's residence in Spain is not prohibited by international agreement and comports with due process.**

The Convention, to which Spain is a signatory, permits service by mail so long as the "receiving state has not objected to service by mail" and "service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v.* Menon, 137 S. Ct. 1504, 1513 (2017). Article 10 of the Hague Convention provides that it will "not interfere with…the freedom to send judicial documents, by postal channels, directly to persons abroad…[p]rovided the State of destination does not object." *Id.*; *see also Asia Maritime Pacific Chartering Ltd. v. Comercializadora Columbia S.A. De C.V.*, No. 22-CV-10789 (RA), 2023 WL 372880, at *1 (S.D.N.Y. Jan. 23, 2023). Spain has not objected to service by mail. *Aircraft Engine Lease Fin., Inc.*, 2021 WL 6621578, at *2; *see also Convergen*, 2020 WL 4038353, at *5. Spain has not objected to Article 10 of the Convention. *See Convergen*, 2020 WL 4038353, at *5.

"The Constitution itself does not prohibit any particular means of service under Rule 4(f) so long as the service is reasonably calculated to provide interested parties notice of the action and the opportunity to be heard." *United States v. Machat*, No. 08-CIV-7936-JGK, 2009 WL 3029303, at *3 (S.D.N.Y. Sept. 21, 2009). Service by mail "satisfies due process when the mail is reasonably likely to be received by the recipient at the address it is sent to, or when it is actually marked as delivered." This Court has held that, where defendant's address and its accuracy is not at issue, service via sending registered mail to the defendant's last-known address satisfied due process requirements. *See Aircraft Engine Lease Fin., Inc.*, 2021 WL 6621578, at *2-3.

Plaintiff's counsel ascertained Defendant Marie's address through independent investigation, which was later verified by the Spanish Central Authority, who appears to have communicated with the Defendant at the address furnished by Plaintiff. *See* Clune Decl. at ¶ 5. Accordingly, service via Federal Express and certified mail to Defendant Marie's residence in Spain would be appropriate and comports with constitutional notions of due process.

**3. Personal service through a private process server is not prohibited by international agreement and comports with due process.**

Service of process under Rule 4(f)(3), so long as court-directed and <u>not prohibited by an international agreement</u>, "may be accomplished in contravention of the laws of the foreign country." *Rio Props.*, 284 F.3d at 1014. The Contention does not prohibit personal service by a private process server. *See Pesic v. Mauritius Int'l Arbitration Centre Ltd.*, No. 23-CV-1100 (JMF), 2024 WL 1363573, at *2 (S.D.N.Y. Mar. 29, 2024). Counsel for Plaintiff have not been able to find any other international agreement to which Spain is a signatory to that prohibits this method of service. Thus, upon information and belief, personal service of a Spanish resident via a private process server is not prohibited by international agreement.

Further, courts have made clear that, with regard to alternate service under Rule 4(f)(3), due process concerns are satisfied where the method of service provides “notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *GLG Life Techs. Corp.*, 287 F.R.D. at 267. Personal service upon Defendant Marie by a private process server, i.e., the typical means for hailing a defendant into court, would definitively appraise him of the pendency of this action and afford him an opportunity to present his objections.

Accordingly, personal service of Defendant Marie via a private process server is not prohibited international agreement and comports with constitutional notions of due process.

**C. The Court may still review Plaintiff’s proof of alternative service when determining whether any request for entry of default is appropriate and justified.**

“While the Hague Convention ‘carefully articulates the procedure which a litigant must follow in order to perfect service abroad,...it does not prescribe the procedure for the forum Court to follow should an element of the procedure fail.” *Unite National Fund v. Ariela, Inc.*, 643 F.Supp.2d 328, 335 (S.D.N.Y. 2008) (quoting *Burda* 417 F.3d at 301 (2nd Cir. 2005)). Thus, where the plaintiff has made a good faith attempt to comply with the Hague Service Convention, it is still within the court’s discretion to deem service of process properly perfected. *Id.*; *see also W.J. Deutsch & Sons Ltd.*, 2023 WL 5609205, at *5 (citing to *Burda*, 417 F.3d at 301). Should the Court be concerned that Plaintiff’s proposed methods of service each constitute with constitutional notions of due process, the Court may review Plaintiff’s evidence of service for each successful alternate method when determining whether service has been perfected, and subsequently, whether a default judgment is appropriate and justified.

## III. Conclusion

For the reasons stated herein, Plaintiff respectfully requests this Court exercise its discretion to permit service upon Defendant Gerald Marie Castellac by email, certified mail, and/or personal service through a private process server as detailed above.

Dated this 11th day of November, 2025.

Respectfully submitted,


*s/ John C. Clune*
John C. Clune
Clarice S. Tenorio
HUTCHINSON BLACK AND COOK, LLC
921 Walnut Street, Suite 200
Boulder, CO 80302
(303) 442-6514
john.clune@hbcboulder.com

*s/ Debra L. Greenberger*
Debra L. Greenberger
EMERY CELLIBRINCKERHOFF
ABADY WARD & MAAZEL LLP
600 Fifth Avenue at Rockefeller Center
10th Floor
New York, New York 10020
(212) 763-5000
dgreenberger@ecbawm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November, 2025, the foregoing **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ALTERNATE SERVICE** was served via CM/ECF to the following:

Joseph A. D'Avanzo
Ashley Pona
Pashman Stein Walder Hayden, P.C.
2900 Westchester Ave., Ste. 204
Purchase, New York 10577
jadvanzo@fdgllp.com
apona@fdgllp.com

*Attorney for Defendant Trudi Tapscott*

*s/Joi Zimmerman Gault*
Joi Zimmerman Gault